# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00533-CR

**Rene Soto Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
## NO. 3030517, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Rene Soto Hernandez was tried for murder and convicted of the lesser included offense of manslaughter. *See* Tex. Pen. Code Ann. § 19.04 (West 2003). The court assessed punishment at nineteen years' imprisonment.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

Appellant filed a pro se brief. In it, he challenges the legal and factual sufficiency of the evidence, asserts charge error, and complains of the district court's failure to hold a second punishment hearing.

Appellant testified that he and his brother, Joshua Brown, went to the apartment shared by Robert Berry and James Davis to collect $100 they believed Berry had stolen from their mother. According to appellant, Berry met them at the door and said he had no intention of returning the money. Words were exchanged, and Berry hit appellant with his fist. Appellant began to strike Berry, who fell to the ground. Appellant kicked Berry several times, then Brown slammed Berry's head on the ground twice. According to appellant, Brown wanted to shoot Berry, but was restrained by appellant. Appellant and Brown then left. Appellant testified that he considered the fight to be a "normal" one and had no idea that Berry had been seriously injured until he read of his death in the newspaper.

Davis witnessed the assault and testified for the State. He said that appellant threw the first punch, causing Berry to fall. Appellant then stomped and kicked Berry's head for thirty to forty-five seconds while Brown held him down. Berry was unconscious and gasping for air when the assault ended. Berry later died in the hospital from brain injuries sustained in the beating.

When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (legal sufficiency); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (legal sufficiency); *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004) (factual sufficiency).

In a legal sufficiency review, all the evidence is reviewed in the light most favorable to the verdict; it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Griffin*, 614 S.W.2d at 159 (citing *Jackson*, 443 U.S. at 318-19). In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Although due deference still must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The evidence will be deemed factually insufficient to sustain the conviction if the proof of guilt is too weak or the contrary evidence is too strong to support a finding of guilt beyond a reasonable doubt. *Zuniga*, 144 S.W.3d at 484-85; *see Johnson*, 23 S.W.3d at 11.

Appellant argues that the evidence does not support the jury's finding that he acted recklessly, that is, that he consciously disregarded a substantial and unjustifiable risk that his actions would cause Berry's death. *See* Tex. Pen. Code Ann. § 6.03(c) (West 2003). He asserts that, at most, the evidence supports a finding of criminal negligence. We disagree. Applying the appropriate standards of review, we hold that the evidence is legally and factually sufficient to support the jury's determination that appellant, acting alone or as a party with Brown, recklessly caused Berry's death. Pro se points of error one and two are overruled.

Appellant contends the trial court should have instructed the jury on the lesser included offense of negligent homicide. *See id*. § 19.05. Appellant did not request such an

3

instruction. No error is presented. *See Posey v. State*, 966 S.W.2d 57, 61 (Tex. Crim. App. 1998). Pro se point of error four is overruled.

Finally, appellant claims that he was denied his right to a fair and impartial judge when the trial court refused to conduct a new punishment hearing for the purpose of hearing mitigating evidence. This appears to be a reference to the amended motion for new trial filed by his original counsel on appeal, one ground for which was trial counsel's failure to offer mitigating evidence at the punishment stage. The motion was not supported by affidavit, and there is nothing in the record before us to suggest that there was any mitigating evidence to offer. Pro se point of error three is overruled.

We have reviewed the record, counsel's brief, and the pro se brief. We find nothing in the record that might arguably support the appeal.

The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: October 14, 2005

Do Not Publish